**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
One Newark Center
8th Floor
Newark, NJ  07102
973.848.4700

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

CHUNILALL SHAMSUNDAR,

                Plaintiff,

      -against-

FCS GROUP LLC,

                Defendant.

Index No. 1:18-cv-02514 (KAM) (LB)

**DEFENDANT'S ANSWER AND
DEFENSES**

Defendant FCS Group LLC ("Defendant" or "FCS") by and through its attorneys Littler Mendelson, P.C., by way of Answer to the Complaint of Chunilall Shamsundar ("plaintiff") says:

### AS TO THE NATURE OF THE ACTION

1.      FCS admits that plaintiff purports to proceed as set forth in Paragraph 1, but denies that FCS violated the Fair Labor Standards Act ("FLSA").

2.      FCS admits that plaintiff purports to proceed as set forth in Paragraph 2, but denies that FCS violated New York Labor Law ("NYLL") or the New York Minimum Wage Act ("NYMWA").

3.      FCS admits that plaintiff purports to proceed as set forth in Paragraph 3, but denies that FCS violated NYLL.

### AS TO JURISDICTION AND VENUE

4.      FCS admits the allegations contained in Paragraph 4 of the Complaint.

5.      FCS admits the allegations contained in Paragraph 5 of the Complaint.

1

6.      The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which no response is required.  To the extent that a response is required, FCS admits the allegations contained in Paragraph 6.

## AS TO THE PARTIES

7.      FCS admits that plaintiff is an adult, and upon information and belief admits that plaintiff resides in Queens County, New York.

8.      FCS admits the allegations contained in Paragraph 8 of the Complaint.

## AS TO THE STATEMENT OF THE CASE

9.      FCS admits the allegations contained in Paragraph 9 of the Complaint.

10.     FCS denies the allegations contained in Paragraph 10 of the Complaint.

11.     FCS admits that it hired plaintiff on March 29, 2010, and that he resigned his position with FCS on April 10, 2018.

12.     FCS denies the allegations contained in Paragraph 12 of the Complaint, except admits that plaintiff's job responsibilities included deliveries, painting, and carpentry, and that plaintiff worked at FCS's Maspeth, New York warehouse.

13.     FCS denies the allegations contained in Paragraph 13 of the Complaint.

14.     To the extent Paragraph 14 of the Complaint contains conclusions of law, no response is required.  FCS denies the factual allegations contained therein.

15.     FCS denies the allegations contained in Paragraph 15 of the Complaint.

16.     FCS denies the allegations contained in Paragraph 16 of the Complaint.

17.     FCS denies the allegations contained in Paragraph 17 of the Complaint.

18.     FCS denies the allegations contained in Paragraph 18 of the Complaint.

19.     To the extent Paragraph 19 of the Complaint contains conclusions of law, no response is required.  FCS admits admits that it has a gross revenue in excess of $500,000.

20.    FCS admits the allegations contained in Paragraph 20 of the Complaint.

21.    FCS denies the allegations contained in Paragraph 21 of the Complaint.

22.    FCS admits the allegations contained in Paragraph 22 of the Complaint.

23.    FCS admits the allegations contained in Paragraph 23 of the Complaint.

24.    FCS admits the allegations contained in Paragraph 24 of the Complaint.

25.    FCS denies the allegations contained in Paragraph 25 of the Complaint.

26.    FCS admits the allegations contained in Paragraph 26 of the Complaint.

27.    FCS denies the allegations contained in Paragraph 27 of the Complaint.

28.    FCS denies the allegations contained in Paragraph 28 of the Complaint.

29.    FCS denies the allegations contained in Paragraph 29 of the Complaint.

30.    FCS denies the allegations contained in Paragraph 30 of the Complaint.

31.    Upon information and belief FCS admits the allegations contained in Paragraph 31 of the Complaint.

32.    FCS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of the Complaint.

### AS TO THE FIRST CUASE OF ACTION FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 ET SEQ.

33.    FCS repeats its answers to the allegations contained in Paragraphs 1 through 32 of the Complaint as if set forth fully at length herein.

34.    FCS admits the allegations contained in Paragraph 34 of the Complaint.

35.    FCS admits the allegations contained in Paragraph 35 of the Complaint.

36.    FCS admits the allegations contained in Paragraph 36 of the Complaint.

37.    FCS denies the allegations contained in Paragraph 37 of the Complaint.

### AS TO THE RELIEF DEMANDED

38.    FCS denies the allegations contained in Paragraph 38 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION NYLL 650 ET SEQ. (UNPAID OVERTIME)**

39.     FCS repeats its answers to the allegations contained in Paragraphs 1 through 38 of the Complaint as if set forth fully at length herein.

40.     FCS admits the allegations contained in Paragraph 40 of the Complaint.

41.     FCS denies the allegations contained in Paragraph 41 of the Complaint.

**AS TO THE RELIEF DEMANDED**

42.     FCS denies the allegations contained in Paragraph 42 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION (NYLL § 190, 191, 193, 195 AND 198)**

43.     FCS repeats its answers to the allegations contained in Paragraphs 1 through 42 of the Complaint as if set forth fully at length herein.

44.     FCS denies the allegations contained in Paragraph 44 of the Complaint.

45.     FCS denies the allegations contained in Paragraph 45 of the Complaint.

46.     FCS denies the allegations contained in Paragraph 46 of the Complaint.

47.     FCS denies the allegations contained in Paragraph 47 of the Complaint.

48.     FCS denies the allegations contained in Paragraph 48 of the Complaint.

**AS TO THE RELIEF DEMANDED**

49.     FCS denies the allegations contained in Paragraph 49 of the Complaint.

**AS TO THE PRAYER FOR RELIEF**

The "WHEREFORE" clause immediately following Paragraph 49, inclusive of Paragraphs 50-55 of the Complaint, states a prayer for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, FCS denies that plaintiff is entitled to any relief whatsoever and specifically denies that plaintiff is entitled to the relief requested in Paragraphs 50, 51, 52, 53, 54, and 55 of the Complaint.

4

## SEPARATE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

### FOURTH DEFENSE

Defendant's actions were not willful.  No act or omission of FCS which is alleged to violate the FLSA and/or NYLL was willful, knowing, or in reckless disregard for the provisions of the law, and plaintiff is therefore not entitled to any extension of the two-year non-willful statute of limitations under the FLSA.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because FCS at all times acted in good faith to comply with the FLSA and the NYLL, and had reasonable grounds for believing it was in compliance with the FLSA and NYLL.  FCS asserts a lack of willfulness or intent to violate the FLSA and NYLL as a defense to any claim for liquidated damages or penalties made by plaintiff.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because FCS relied upon and acted in good faith and in conformity with, written regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any administrative practice or enforcement policy of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259.

## SEVENTH DEFENSE

Any damages plaintiff was owed (which FCS denies) are all offset by compensation paid to plaintiff, which was above and beyond that to which plaintiff was legally entitled.

## EIGHTH DEFENSE

Plaintiff is not entitled to any damages whatsoever and cannot seek both liquidated damages under the FLSA and liquidated damages under NYLL for the same period of time.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by provisions of Section 4 of the Portal-to-Portal Act, § 29 U.S.C. § 254, and NYLL as to all hours during which plaintiff was engaged in activities which were preliminary or postliminary to his principal activity.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions, exceptions, or exclusions provided under the FLSA and NYLL.

## TWELFTH DEFENSE

FCS reasonably believed in good faith that they provided plaintiff with adequate notice of wage information pursuant to NYLL § 195(1).

## THIRTEENTH DEFENSE

NYLL § 198 contains no private right of action for violations of its provisions regarding frequency of payment.

## FOURTEENTH DEFENSE

FCS reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss plaintiff's Complaint in its entirety, with prejudice; award Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and grant such other further relief as the Court deems just and proper.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant

*/s William P. McLane*

William P. McLane
Kurt Rose
One Newark Center, 8th Fl.
Newark, New Jersey 07102
973.848.4700

Dated: June 7, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a copy of the attached Answer to be served on plaintiff's counsel via ECF upon plaintiff's counsel, Abdul K. Hassan, Esq., Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, New York, 11427.


*/s William P. McLane*
William P. McLane

Dated: June 7, 2018

Firmwide:155098547.3 058165.1003