# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                    Tel: 718-740-1000
Email: abdul@abdulhassan.com                              Fax: 718-740-2000
*Employment and Labor Lawyer*                     Web: www.abdulhassan.com

**October 18, 2018**

**Via ECF**

Hon. Pamela K. Chen, USDJ
United States District Court, EDNY
225 Cadman Plaza East, Courtroom: 4F
Brooklyn New York 11201
Tel: 718-613-2510
Fax: 718-613-2516

<u>Re: **Shamsundar v. FCS Group LLC**</u>
**Case No.  18-CV-02514 (KAM)(LB)**
**Motion for Settlement Approval**

Dear Judge Chen:

  My firm represents plaintiff Chunilal Shamsundar ("Plaintiff" or "Shamsundar") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Defendant FCS Group LLC (hereinafter "Defendant"), and Plaintiff, both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully copy will be submitted to the Court once Defendant signs.

  The claims are more fully set forth in the complaint. (See ECF No. 1). In essence, however, Plaintiff brought claims for unpaid wages under the FLSA and NYLL.

  In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input at the September 4, 2018 mediation conducted by an experienced mediator through the court's mediation program which resulted in a settlement of the case. Specifically, it appears from the

1

records and information, that Plaintiff was paid for all overtime hours at his straight regular rate[1] and that he is owed for about 10-15 hours of overtime per week. Plaintiff was employed by Defendant from April 29, 2010 to on or about April 11, 2018. The complaint in this action was filed on April 27, 2018. (See ECF No. 1).

Using this approach for settlement purposes, we have unpaid overtime wages of approximately $9.5/hr. x 12.5hrs/wk x 298wks = $35,387.50 - FLSA overtime wages of about $11,637.50. If Defendant proves that it acted in good faith, it may be able to avoid liquidated damages including on the manual worker claim for untimely wage payments. Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Under the settlement of this action, Plaintiff is due to receive $38,025 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 2(a-b)).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $19,012 after reimbursement of $963 in costs. (Ex. 1 ¶ 2(c))[2]. See *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Flores v. Steinway Dental Laboratory Inc. et al*, Case No. 15-cv-04364 (Judge Mauskopf - EDNY 02/14/2017) (Noting in Cheeks approval order that "An attorney's fees pursuant to a retainer agreement may exceed the lodestar due to the client under a fee-shifting statute. Venegas, 495 U.S. at 89–90.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under

---

[1] The complaint was also premised that Plaintiff was not paid at all for certain overtime hours.

[2] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

*Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*);.

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and one can never be certain as to how a jury will decide a case. Second, the settlement amount is not trivial and can reasonable be viewed as exceeding the FLSA wages owed. Third, it appears that Defendant cannot afford to pay a higher settlement amount as the installment nature of the settlement indicate. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation. Finally, the settlement was reached after a mediation through the Court's program with an experienced FLSA mediator.

Therefore, it is kindly requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

cc:     **Defense Counsel via ECF**

3