UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHUNILALL SHAMSUNDAR,

                    Plaintiff,                   **REPORT AND RECOMMENDATION**

     - against -                            **18 CV 2514 (KAM) (LB)**

FCS GROUP LLC,

                    Defendant.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Chunilal Shamsundar brings this action against defendant FCS Group LLC hereinafter ("FCS") alleging that defendant violated his rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him overtime wages when he was employed as a handyman. ECF No. 1 at ¶¶ 1–3, 12–14, Complaint ("Compl."). The parties settled this case at a Court-annexed mediation and the parties now move for settlement approval. ECF No. 12. On May 3, 2019, plaintiff supplemented the motion for settlement approval. ECF No. 14.[1] The Honorable Kiyo A. Matsumoto referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).[2] For the reasons stated below, it is respectfully recommended that the parties' motion for settlement approval should be granted.

---

[1] Plaintiff's position that any fee review under Cheeks is limited by the retainer agreement., ECF No. 14 at 2, is just that, plaintiff's position. The Court requires plaintiff's counsel's contemporaneous time records for its Cheeks review.
[2] The Court notes that the parties' instant motion is mistakenly addressed to Judge Chen, not Judge Matsumoto.

1

## BACKGROUND

FCS provides a "variety of painting and related services in the New York Tri-State area." ¶ 10. Plaintiff worked as a handyman for FCS from April 29, 2010 to April 11, 2018, doing "painting, carpentry, making deliveries etc." ¶¶ 11–12. Plaintiff alleges that he was paid at a regular rate of $19 per hour and worked between 66 and 72 hours per week. ¶¶ 13-14. Plaintiff states that defendant paid him "at his straight regular rate for 40 hours each week by payroll check, and at his straight regular rate for his overtime hours . . . each week, by separate transaction, except for about 5-10 overtime hours each week which plaintiff was not paid for at all." ¶ 15. Plaintiff states that defendant failed to provide wage notices and wage statements, and that defendant violated NYLL § 198 by paying him biweekly. ¶ 18.

## PROCEDURAL HISTORY

Plaintiff commenced this FLSA action on April 27, 2018, ECF No. 1, and defendant answered plaintiff's complaint on June 7, 2018. ECF No. 9. The Court held an initial conference on July 10, 2018 and the Court referred this matter to Court-annexed mediation. The parties settled the case at the Court-annexed mediation. Plaintiff's counsel now files the instant motion seeking settlement approval on behalf of both parties. ECF No. 12 ("Mot. Settl.").

## DISCUSSION

I.   **Standard for Approving FLSA Settlements**

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation

omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

## II.   Instant Settlement Agreement

The instant motion for settlement approval includes the parties' executed settlement agreement. See Agreement, ECF No. 12. The Agreement provides that plaintiff releases defendant from "any and all wage and hour claims under the Fair Labor Standards Act . . . and New York State Labor Law . . . as of the date of execution of this agreement" regarding his employment as a handy man and shall seek dismissal of the instant case with prejudice in exchange for $58,000 upon approval by the Court. Agreement at 2. Of the total $58,000 settlement, plaintiff shall be paid $38,025, and plaintiff's counsel shall be paid $19,012 in attorney's fees after reimbursement of $963 in costs. Mot. Settl. at 2. Should defendant fail to pay plaintiff the amount agreed to in the settlement, the Agreement provides that 21 days after notice and an opportunity to cure the default "plaintiff and his counsel shall have the right to a judgment or supplemental judgment against . . . FCS Group LLC in the amount of seventy-five thousand dollars . . . less any monies paid by defendant at the time of default[.]" Id.

The Agreement's release is tailored to plaintiff's wage and overtime claim against defendant up until the date of plaintiff's execution of the Agreement. Id. The Agreement does not contain a confidentiality provision or a non-disparagement clause.

### A.   Reasonableness

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:

(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2–3 (E.D.N.Y. Jan. 25, 2018) (addressing the Wolinsky factors). Furthermore, in light of Cheeks, courts in this Circuit have repeatedly rejected highly restrictive confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015).

Under the settlement agreement, defendant shall pay plaintiff $58,000, which exceeds the estimated FLSA wages he is owed. Of the $58,000, plaintiff shall recover $38,025. Plaintiff's recovery percentage is reasonable. See Agreement at 2–3; see also Ceesae v. TT's Car Wash Corp., No. 17 CV 291, 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), adopted by, 2018 WL 741396, (net settlement of 50% of FLSA plaintiff's maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., No. 16 Civ. 344, 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., No. 16 Civ. 3502, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable).

The settlement provides plaintiff with certainty regarding what he will recover from defendant and avoids the time and expense of litigation. Because the parties quickly reached a settlement through Court-annexed mediation prior to the start of formal discovery, they avoided the burden and cost of discovery, motion practice, and trial preparation. See Reyes v. Buddha-Bar

4

NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

As for the last two Wollinsky factors, the parties represent that the settlement is the product of arm's-length negotiations between counsel before an experienced FLSA mediator from the Eastern District Mediation Panel. Mot. Settl. at 3; see Vidal v. Eager Corp., No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (terms of a settlement "hammered out during mediation . . . suggests [that the terms are] the product of arm's length bargaining and that there is a reduced risk of collusion between [the parties.]").

Taking into account the parties' genuine dispute as to liability and damages in this case, I find that plaintiff's recovery is fair and reasonable. Plaintiff's recovery is significant in light of the risks he would face at trial.

**B.     General Release Clause**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ New York Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citation omitted); see Souza, 2015 WL 7271747, at *6 (discussing that courts typically reject overbroad releases because FLSA releases should be limited to wage-and-hour claims). Broad general releases are generally impermissible. See Cheeks, 796 F.3d at 206. A release is overbroad if it "confers an

uncompensated, unevaluated, and unfair benefit on the employer[.]" Lopez, 96 F. Supp. 3d at 181 (internal citation omitted).

Plaintiff here only releases defendant from liability for any claims he may have had against defendant up until the date of the Agreement under the statutes and regulations pertaining to this lawsuit. Specifically, plaintiff only agrees to release defendant from "any and all wage and hour claims" under the FLSA and the NYLL "as of the date of execution of this agreement." Mot. Settl. at 2. Accordingly, the Agreement's release is specifically tailored to the instant litigation and should be approved as fair and reasonable. See Yunda v. SAFI-G, Inc., No. 15 Civ. 8861, 2017 WL 1608898, at *3 (S.D.N.Y. April 28, 2017) (collecting cases in which the Courts grant settlement approval containing general releases that are tailored to the claims brought in the original complaint).

### C. Attorney's Fees

Pursuant to plaintiff's retainer agreement with his counsel, the costs of this case ($963) shall first be deducted from the $58,000 gross settlement. See Mot. Settl. at 2. Of the remaining $57,037, plaintiff shall receive two-thirds ($38,025) by ten installments; plaintiff shall receive five payments of $3,802.40, totaling $19,012, and five payments of $3,802.60, totaling $19,013. The first of the installments to plaintiff shall be made within "fifty-one days of court approval of this settlement agreement[.]" Id. Plaintiff's counsel shall receive one-third ($19,012) plus ($963) in costs by five installments of $3,995.[3]

The Court evaluates the reasonableness of the attorney's fees under 29 U.S.C. § 216(b) and NYLL § 663(1) to ensure that the simultaneous negotiation of fees and the settlement amount does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best

---

[3] Plaintiff's counsel includes his contemporaneous time records. See ECF No. 14-1. Additionally, plaintiff has included records for costs, including the filing fee, service fee, and mediation fee for a total amount of $963.

6

possible recovery. See Wolinsky, 900 F. Supp. 2d at 336. Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08 CV 4377 (KAM) (CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010), the Court "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Wolinksy, 900 F. Supp. 2d at 336. To assess the reasonableness of the proposed attorney's fees, a court will review the attorney's contemporaneous billing records documenting the hours expended and the nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667 (PAE), 2015 WL 5122530, *2 (S.D.N.Y. Aug. 31, 2015). A court may adjust the fee upward or downward from the lodestar amount based on other considerations. Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Plaintiff's counsel seeks $19,012 (or 33%) of the total settlement award as attorney's fees after reimbursement of $963 in costs. In support of his fee award, plaintiff's counsel states that he has "received similar or higher legal fees in other FLSA settlements approved by courts" and submits his contemporaneous billing records.[4] Mot. Settl. at 2; ECF No. 14-1; Lopez, 96 F. Supp. 3d at 181 (S.D.N.Y. 2015) ("[A] proper fee request 'entails submitting contemporaneous billing records, documenting, for each attorney, the date, the hours expended, and the nature of the work done.'") (quoting Wolinsky, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012)).

As Courts in this district generally find 33% of the overall settlement, mirroring the one-third contingency fee arrangement to be reasonable, Garcia v. Pancho Villa's of Huntington

---

[4] Plaintiff's counsel is warned that Courts in this circuit generally reduce attorney's fees by 50 percent for travel time. See ECF No. 14-1, Entry July 7, 2018; Barfield v. N.Y. City Health & Hospitals Corp., 537 F.3d 132, 139, 151 (2d Cir. 2008); Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 302 (E.D.N.Y. April 3, 2012); Liu v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 526 (S.D.N.Y. Mar. 31, 2010).

Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012), I find that plaintiff's counsel's fee award of $19,012 in this action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez v. K Bread Co. Inc., No. 15 CV 6848, 2017 WL 2266874, at *7 (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award). Thus, I respectfully recommend that plaintiff's request for attorney's fees and costs should be approved.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court should approve the parties' instant motion for settlement approval and close this case.

8

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                             /S/
                                         LOIS BLOOM
                                       United States Magistrate Judge

Dated: May 22, 2019
       Brooklyn, New York